UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF CHEM CARRIERS TOWING, LLC

CIVIL ACTION

NO. 21-1025

SECTION: "G"(2)

### ORDER

Before the Court is Claimant Kai Hollingsworth's ("Hollingsworth") "Motion to Dismiss or, Alternatively, Summary Judgment."[1] Hollingsworth seeks dismissal of the Complaint for Exoneration from or Limitation of Liability that Petitioner Chem Carriers Towing, LLC ("Petitioner") filed on May 27, 2021. Petitioner opposes the motion.[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies Hollingsworth's motion.

### I. Background

According to the Complaint, Hollingsworth was allegedly injured on June 10, 2020, when the bunk where he slept broke free from the wall of Petitioner's vessel the *M/V Sam L. Hays* ("the Vessel").[3] On November 10, 2020, Hollingsworth filed a petition in the Civil District Court for the Parish of Orleans requesting maintenance and cure as well as damages under the Jones Act and general maritime law.[4] Petitioner was served notice of Hollingsworth's state court action on

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 14.

[3] Rec. Doc. 1 at 1.

[4] Rec. Doc. 13-1 at 2.

December 2, 2020,[5] and on May 27, 2021, Petitioner filed the Complaint for Exoneration from or Limitation of Liability.[6] Hollingsworth timely answered the Complaint[7] and then filed the instant motion to dismiss, or alternatively motion for summary judgment, arguing that Petitioner failed to file this limitation of liability within six months of receiving notice of Hollingsworth's claim.[8] Petitioner opposes the motion.[9]

## II. Parties' Arguments

### A.   *Hollingsworth's Arguments in Support of the Motion*

Hollingsworth moves the Court to dismiss the Complaint for Limitation of Liability, arguing that the Court lacks jurisdiction because Petitioner failed to file the Complaint within six months of receiving notice of Hollingsworth's claim.[10] Hollingsworth contends that, under *In re RLB Contracting, Inc.*, a written communication gives adequate notice of a claim triggering the six-month window for limitation of liability actions if the communication establishes that there is both (1) a "reasonable possibility of a claim" and (2) a "reasonable possibility of damages in excess of the vessel's value."[11]

---

[5] Rec. Doc. 1 at 3. There is some ambiguity in the record as to when Petitioner received notice of Hollingsworth's state court proceedings. Petitioner asserts that it received notice on December 2, 2020. Rec. Doc. 14 at 6. Hollingsworth states that Petitioner received notice on December 4, 2020. Rec. Doc. 13-1 at 2. This discrepancy does not affect the Court's analysis, though, because both dates are within six months of the date on which Petitioner filed the complaint for limitation of liability.

[6] Rec. Doc. 1.

[7] Rec. Doc. 4.

[8] Rec.Doc. 13.

[9] Rec. Doc. 14.

[10] Rec. Doc. 13-1 at 1.

[11] *Id.* at 4 (citing *In re RLB Contracting, Inc.*, 773 F.3d 596, 603 (5th Cir. 2012)).

Hollingsworth asserts that Petitioner received such notice "as early as September of 2020 and certainly by mid November 2020."[12] Hollingsworth avers that on September 21, 2020, Hollingsworth's counsel notified Petitioner by letter that he had been retained to represent Hollingsworth in this matter.[13] Hollingsworth avers that in the same letter, counsel also requested copies of Hollingsworth's medical records in Petitioner's possession and demanded that Petitioner continue to provide Hollingsworth with maintenance and cure.[14] Hollingsworth asserts that Petitioner responded to this letter on September 24, 2020, through counsel, by providing the requested medical records and "express[ing] an interest in exploring 'early resolution of this claim.'"[15]

Hollingsworth maintains that the medical records provided by Petitioner's counsel established that Hollingsworth "had undergone conservative treatment with very little relief and was continuing treatment."[16] Hollingsworth asserts that Petitioner "would have been aware of the existence of small bulging discs both in [Hollingsworth's] cervical and lumbar spine" based on those medical records.[17] Hollingsworth argues that because Petitioner's counsel had access to those medical records, Petitioner had notice of a claim with a reasonable possibility of exceeding the value of the Vessel by September of 2020.[18] Hollingsworth further asserts that, because he "f[ell] 5 feet while sleeping in an upper bunk, it was certainly reasonable for him to sustain serious

---

[12] *Id.*

[13] *Id.* at 1–2.

[14] *Id.* at 2.

[15] *Id.*

[16] *Id.* at 3.

[17] *Id.* at 5.

[18] *Id.*

injuries to his cervical, lumbar, arm and wrist" that "could easily exceed the value of the vessel in question."[19] Hollingsworth contends that "the fact that [at] his young age [of thirty] he has bulges in his neck and lower back" indicates a strong possibility that his claim will exceed the value of the Vessel.[20] In any event, Hollingsworth argues that Petitioner would have known of the severity of his injuries based on his medical records through November 12, 2020, and that Petitioner knew of at least the possibility that Hollingsworth's claim could exceed the value of the Vessel "considering [Hollingsworth]'s age, and loss of income."[21]

Based on these dates, Hollingsworth contends that Petitioner's action for limitation was untimely because it was filed on May 27, 2021, more than six months after Petitioner was aware of the possibility of a claim with a reasonable possibility to exceed the value of the Vessel.[22] Hollingsworth argues that "[i]f a petition is untimely filed, a district court lacks subject matter jurisdiction over the petition and must dismiss."[23] Therefore, Hollingsworth argues this Court "lacks jurisdiction" because the Complaint was not timely filed.[24]

### B.   *Petitioner's Arguments in Opposition to the Motion*

In opposition, Petitioner argues that Hollingsworth's motion to dismiss should be denied because the Court does not lack jurisdiction.[25] As an initial matter, Petitioner asserts that there is a genuine dispute in this case regarding when it received sufficient notice of a possible claim which

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 5–6.

[22] *Id.* at 1, 6.

[23] *Id.* at 4 (citing *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087 (11th Cir. 2005)).

[24] *Id.* at 6.

[25] Rec. Doc. 14 at 1.

could exceed the value of the Vessel.[26] Petitioner insists that prior to the filing of Hollingsworth's state court claim, "there was absolutely no indication that the value of any potential claim could reasonably exceed the $1.57 million value of the [Vessel]."[27] Petitioner explains that it received notice of Hollingsworth's state court action on December 2, 2020, at which time the cumulated causes of action first indicated that the possible value of the claim could reasonably exceed the value of the Vessel.[28] Thus, Petitioner declares that its limitation action was timely because Petitioner filed it within six months of receiving notice of Hollingsworth's state court action.[29]

Second, Petitioner argues that *even if* its Complaint was untimely, the Court does not lack subject matter jurisdiction.[30] Petitioner asserts that in *Bonvillian Marine Serv. v. Pellegrin*, the United States Court of Appeals for the Fifth Circuit clarified that the six-month filing period for limitation actions "is a mere claim-processing rule which has no bearing on a district court's subject matter jurisdiction."[31] Petitioner contends that under this ruling, "Hollingsworth's motion challenging the timeliness of [Petitioner's] limitation is not a challenge to this Court's jurisdiction."[32] Therefore, Petitioner urges the Court to deny Hollingsworth's motion to dismiss.

To the extent Hollingsworth's motion seeks summary judgment, Petitioner asserts that Hollingsworth's motion should be denied because "a genuine factual dispute [exists] as to when

---

[26] *Id.*

[27] *Id.* at 2.

[28] *Id.* at 2–3.

[29] *Id.* at 3.

[30] *Id.*

[31] *Id.* at 4 (citing *In re Bonvillian Marine Serv.*, 19 F.4th 787, 794 (5th Cir. 2021) (recognizing the Supreme Court's implicit overruling of *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310 (5th Cir. 2012))).

[32] *Id.* at 4.

[Petitioner] had written notice of a claim that triggered its six-month deadline to file this limitation action."[33] More particularly, Petitioner stresses that in order for the filing period for a limitation action to begin, the filing party must receive notice that there is a "reasonable possibility" of a claim exceeding the value of the vessel involved in the dispute.[34] Petitioner agrees that this standard is "not stringent" but that it incorporates "reasonableness" as a limiting principle so as not to render the standard "toothless."[35] Petitioner contends that if the standard were a mere possibility, untethered from "reasonableness," then vessel owners would be required to file limitation actions "after every minor bump and scrape."[36] Petitioner argues that whether the possibility of Hollingsworth's claim exceeds the value of the Vessel should be considered in light of the relative severity of the alleged injury compared to the value of the Vessel.[37]

Petitioner contends that the pre-filing communications in this case did not disclose a reasonable possibility of a claim exceeding the Vessel's value because those communications demanded only "continued maintenance and cure . . . [which] represent[ed] less than one percent of the value of the [V]essel."[38] Thus, Petitioner maintains that based on the pre-filing communications, it would not have been reasonable to conclude that the Hollingsworth's potential claim could meet the minimum statutory threshold for a limitation of liability action.[39]

---

[33] *Id.* at 4–5.

[34] *Id.* at 6.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 6–7.

[38] *Id.* at 7.

[39] *Id.*

Petitioner next argues that the cases Hollingsworth relies upon are factually distinguishable from the present dispute, and that they in fact support the timeliness of Petitioner's limitation action.[40] Petitioner distinguishes those cases by comparing the value of vessels involved to the value of the Vessel involved in this case, and by comparing the severity of the injuries suffered by parties in those cases to Hollingsworth's allegations of his own injury.[41] For example, Petitioner notes that in *In re RLB Contracting, Inc.*, a vessel valued at $750,000.00 caused the death of a child, and "the court held that [the vessel's owner] should have realized that an action involving the death of a child would easily exceed [$750,000.00]."[42] Similarly, Petitioner asserts that *In re Eckstein* involved a seaman who suffered severe, debilitating, and permanent damage to his left leg when it became ensnared in a mooring bit.[43]

Unlike the injuries in those cases, Petitioner notes that Hollingsworth's initial communication to Petitioner indicated that he "had a normal MRI of his cervical spine and a small disc bulge in his lumbar spine."[44] Therefore, Petitioner maintains that the pre-filing communications could not establish a reasonable possibility that any potential claim could exceed the value of the Vessel and insists that the earliest it could have known of such a possibility was

---

[40] *Id.* at 7–11 (citing *Paradise Divers, Inc.*, 402 F.3d 1087 (explaining that pre-filing letters can serve as notice to trigger the filing period for a limitation action if they contain factual information and demands allowing a reasonable conclusion that the potential claim will exceed the value of the involved vessel); *In re Complaint of Stair*, No. 07-5451, 2008 WL 114918 (W.D. Wash. Jan. 9, 2008) (permitting pre-filing communications to be considered in the aggregate to determine if the vessel owner had sufficient notice of a claim with a reasonable possibility of exceeding the vessel's value); *In re RLB Contracting, Inc.*, 773 F.3d 596 (holding that a claim involving the death of a child clearly exceeded the $750,000.00 value of the vessel); *In re Eckstein*, 672 F. 3d 310 (holding that a complaint including allegations of catastrophic permanent injury raises at least a reasonable possibility that the claims exceeded a vessel's $750,000.00 value)).

[41] *Id.* at 8–10.

[42] *Id.* at 10 (discussing *In re RLB Contracting, Inc.*, 773 F. 3d 596).

[43] *Id.* at 10–11 (discussing *In re Eckstein*, 672 F.3d 310).

[44] *Id.*

December 2, 2020, when it was served notice of Hollingsworth's state court lawsuit.[45] Further, Petitioner submits that it would not have been reasonable to assume that Hollingsworth's claim could exceed the $1,570,000.00 value of the Vessel because the total amount of medical benefits and maintenance payments ($28,856.05) which Petitioner paid on Hollingsworth's behalf in the eighteen months following the alleged injury makes up only 0.018% of the value of the Vessel.[46] Therefore, Petitioner argues that "there are genuine factual disputes that make summary judgment on this issue improper."[47]

### III. Law & Analysis

The parties variously assert that the proper Federal Rule of Civil Procedure to guide the Court's analysis of Hollingsworth's motion is lack of subject matter jurisdiction under Rule 12(b)(1), dismissal under Rule 12(b)(6), or summary judgment under Rule 56. Hollingsworth, however, predicated his argument for dismissal on a lack of subject matter jurisdiction, which is properly reviewed under Rule 12(b)(1).[48] When parties raise a lack of subject matter jurisdiction, courts are instructed to resolve that issue before reaching any others.[49] Accordingly, the Court will first address the argument to dismiss for lack of subject matter jurisdiction before turning to the summary judgment analysis.

---

[45] *Id.*

[46] *Id.* (citing Rec. Doc. 14-1 at 3).

[47] *Id.* at 14.

[48] *See Advoc. Ctr. v. La. Tech. Univ.*, No. 18-0934, 2019 WL 1303212 (W.D. La. March 6, 2019) (citing *Cadle Co. v. Neubauer*, 562 F.3d 369, 374 (5th Cir. 2009)).

[49] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

### A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

Hollingsworth seeks dismissal for lack of subject matter jurisdiction, arguing that Petitioner's Complaint was not timely filed.[50] Federal Rule of Civil Procedure 12(b)(1) instructs that an action must be dismissed "for lack of subject-matter jurisdiction."[51] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[52] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[53]

Hollingsworth, citing out of circuit precedent, urges the Court to dismiss for lack of subject matter jurisdiction, asserting that the Complaint was untimely filed.[54] Nevertheless, under prior precedent, the Fifth Circuit had explained in *Eckstein* that, although "many statutory filing deadlines are not jurisdictional . . . [t]he Limitation Act's six-month filing requirement" did implicate a court's subject matter jurisdiction.[55] However, subsequent decisions have altered the legal landscape in this regard.[56] Specifically, in response to the United States Supreme Court's decision in *United States v. Wong*, the Fifth Circuit recognized the implied overruling of the *Eckstein* line of cases, and the Fifth Circuit now expressly instructs district courts to interpret the Limitation Act's six-month filing deadline not as a jurisdictional requirement, but rather as a mere

---

[50] Rec. Doc. 13-1 at 4.

[51] Fed. R. Civ. P. 12(b)(1).

[52] *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

[53] *Id.* (citing *Hitt*, 561 F.2d at 608).

[54] Rec. Doc. 13-1 at 4 (citing *Paradise Divers, Inc.*, 402 F.3d 1087).

[55] *In re Eckstein*, 672 F.3d at 315.

[56] *See Bonvillian Marine Serv.*, 19 F.4th at 792–93.

claim-processing rule.[57] Thus, based on this recent, binding precedent, this Court has subject matter jurisdiction because the timeliness of Petitioner's filing no longer divests the Court of subject matter jurisdiction. Accordingly, the Court denies Hollingsworth's motion to dismiss.

### B.  *Motion for Summary Judgment*

Hollingworth also seeks summary judgment in his favor, arguing that the Complaint was not timely filed.[58] Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[59] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[60] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[61] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[62] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a

---

[57] *Id.* at 794.

[58] Rec. Doc. 13-1.

[59] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[60] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[61] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[62] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

genuine issue for trial.[63]

Here, the Limitation of Liability Act requires a vessel owner seeking to limit his liability to file his complaint in a district court within six months of receiving written notice of a claim.[64] Notice of a state court lawsuit is sufficient to trigger this filing deadline, as are pre-filing communications between the parties if the communications indicate in the aggregate that there is both (1) a reasonable possibility of a claim and (2) a reasonable possibility that the claim will exceed the value of the vessel involved in the litigation.[65] The Fifth Circuit has noted that although this is not a particularly stringent standard, neither is it toothless.[66] Still, because the vessel owner is not barred from bringing a limitation action even when the statutory minimum is not met, the owner will not be excused for untimely filing when the amount in controversy is uncertain.[67]

Here, the Court finds that a genuine issue of material fact exists as to when Petitioner had notice of a reasonable possibility of a claim that exceeded the value of the Vessel. The parties dispute whether the pre-filing communications were sufficient to put Petitioner on notice that Hollingsworth's claim could exceed the value of the Vessel. For a written communication to trigger the six-month period, the communication must "reveal[] a 'reasonable possibility' that the claim will exceed the value of the vessel."[68] Petitioner's September 24, 2020 letter to Hollingsworth's counsel indicated that Petitioner was aware of Hollingsworth's alleged injury and

---

[63] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[64] 46 U.S.C. § 30511.

[65] *In re RLB Contracting, Inc.*, 773 F.3d at 603–04.

[66] *In re Eckstein*, 672 F.3d at 317.

[67] *Id.* at 318.

[68] *In re RLB Contracting, Inc.*, 773 F.3d at 602.

expressed interest in "exploring early resolution of this claim."[69] However, prior to being served with Hollingsworth's state court petition, Petitioner "had paid less than $9,000 in medical expenses and less than $6,000 in maintenance payments, which is approximately 0.009% of the value of the [V]essel."[70] This raises a genuine dispute of material fact as to whether Petitioner could have *reasonably* believed that Hollingsworth's claim could exceed the value of the Vessel.

Moreover, even if no such dispute of material fact existed in this case, Hollingsworth's motion for summary judgment must fail. Federal Rule 56 instructs that summary judgment is available only when "the movant is entitled to judgment as a matter of law."[71] Hollingsworth's entire theory for summary judgment is that this Court lacks subject matter jurisdiction over this limitation action due to Petitioner's allegedly untimely filing. As explained above, even if Petitioner's filing was untimely, that defect would not impact this Court's jurisdiction.[72] Thus, Hollingsworth is not entitled to judgment as a matter of law, and summary judgment is inappropriate.

## IV. Conclusion

For the reasons discussed above, the Court finds that the asserted untimeliness of Petitioner's filing does not implicate this Court's jurisdiction, and that a genuine issue of material fact exists as to when Petitioner received notice of a claim with a reasonable possibility of exceeding the Vessel's value. Accordingly,

---

[69] Rec. Doc. 13-4 at 1–2 (emphasis added).

[70] Rec. Doc. 14 at 11. *See also* Rec. Doc. 14-1 (tallying expenses).

[71] Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322–23; *Little*, 37 F.3d at 1075.

[72] *In re Bonvillian Marine Serv.*, 19 F.4th at 792, 794.

**IT IS HEREBY ORDERED** that Claimant Kai Hollingsworth's Motion to Dismiss or, Alternatively, Summary Judgment[73] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 20th day of April, 2022.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[73] Rec. Doc. 13.