UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE CHEM CARRIERS TOWING, LLC          CIVIL ACTION

NO. 21-1025

SECTION: "G"

**ORDER AND REASONS**

Before the Court is Limitation Claimant Kai Hollingsworth's ("Claimant") "Motion to Dissolve Restraining Order."[1] Limitation Petitioner Chem Carriers Towing, LLC ("Petitioner") opposes the motion and argues that the stipulations attached to the motion are insufficient to protect Petitioner's rights.[2] Claimant replies in further support of the motion and argues that the amended stipulations attached to his reply memorandum address Petitioner's concerns.[3] For the reasons that follow, the Court finds that Claimant has a right to pursue his claims in state court because he is a single claimant in a limitation action. Therefore, considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

**I. Background**

According to the Complaint, Claimant was allegedly injured on June 10, 2020, when the bunk where he slept broke free from the wall of Petitioner's vessel, the *M/V Sam L. Hays* (the "Vessel").[4] On November 10, 2020, Claimant filed a petition in the Civil District Court for the

---

[1] Rec. Doc. 68.

[2] Rec. Doc. 73.

[3] Rec. Doc. 77.

[4] Rec. Doc. 1 at 1.

1

Parish of Orleans requesting maintenance and cure as well as damages under the Jones Act and general maritime law.[5] Petitioner was served notice of Claimant's state court action on December 2, 2020.[6]

On May 27, 2021, Petitioner filed a Complaint for Exoneration from or Limitation of Liability in this Court.[7] On June 1, 2021, the Court approved Petitioner's declarations of value, security, and ad interim stipulation.[8] The Court also directed issuance of notice to all claimants and enjoined prosecution of claims.[9] Claimant timely answered the Complaint.[10] Claimant was the only individual to file a claim in this matter.[11]

On April 21, 2022, the Court denied Claimant's motion to dismiss, or alternatively motion for summary judgment, finding that the asserted untimeliness of Petitioner's filing did not implicate this Court's jurisdiction, and that a genuine issue of material fact exists as to when Petitioner received notice of a claim with a reasonable possibility of exceeding the Vessel's value.[12] On May 31, 2022, the Court denied Petitioner's motion for partial summary judgment and dismissal of Claimant's negligence and unseaworthiness claims, finding that there were

---

[5] Rec. Doc. 13-1 at 2.

[6] Rec. Doc. 1 at 3.

[7] *Id*.

[8] Rec. Doc. 3.

[9] *Id.*

[10] Rec. Doc. 4.

[11] Rec. Doc. 12.

[12] Rec. Doc. 59.

material facts in dispute precluding summary judgment.[13] That same day, the Court also denied with prejudice Petitioner's motion in limine to exclude the report opinions, and testimony of Captain Gregg Nichols[14] and denied without prejudice Petitioner's motion in limine to exclude the report opinions and testimony of Dr. Shael Wolfson.[15]

Claimant filed the instant motion on December 20, 2022.[16] Petitioner filed its opposition on January 3, 2023.[17] On January 10, 2023, with leave of Court, Claimant filed a reply.[18]

## II. Parties' Arguments

In the instant motion, Claimant asks the Court to dissolve the injunction and stay this matter so that he can pursue his claim in state court.[19] Claimant argues that Supreme Court precedent authorizes a single claimant to pursue its case in state court so long as the claimant files appropriate protective stipulations.[20] Claimant asserts that he has made adequate stipulations that preserve Petitioner's rights under the Limitation of Liability Act.[21]

In opposition, Petitioner argues that, although dissolving the restraining order in a

---

[13] Rec. Doc. 62.

[14] Rec. Doc. 60.

[15] Rec. Doc. 61.

[16] Rec. Doc. 68.

[17] Rec. Doc. 72.

[18] Rec. Doc. 77.

[19] Rec. Doc. 68.

[20] Rec. Doc. 68-2 at 2–3.

[21] *Id.* at 3–4.

limitation action is "generally permitted in single-claimant situations with the appropriate stipulations, Claimant's stipulations here are inadequate."[22] Therefore, Petitioner asserts that "[t]he restraining order should remain in effect until appropriate stipulations are filed that more adequately protect [Petitioner's] limitation rights."[23] Specifically, Petitioner asks Claimant to stipulate that "this Court has continuing, exclusive jurisdiction to determine all issues related to [Petitioner's] statutory right to limit its liability under the Limitation of Liability Act and, relatedly, the proper value of the limitation fund."[24] Petitioner also asks Claimant to "stipulate that he will not seek any judgment or ruling on the issue of [Petitioner's] right to limitation of liability in any other federal or state courts" and "that, in the event that limitation is granted, no judgment against [Petitioner] will be asserted to the extent that it exceeds the Court determined value of the limitation fund."[25]

In reply, Claimant avers that, although the stipulation attached to the original motion was adequate, he files an amended stipulation attached to the reply memorandum that "cures any alleged defect or deficiency in the original stipulation.[26]

### III. Law & Analysis

Under the Limitation of Liability Act, "[a] shipowner facing potential liability for a maritime accident may file suit in federal court . . . to limit his liability for damages or injuries

---

[22] Rec. Doc. 72 at 2.

[23] *Id*.

[24] *Id*. at 4.

[25] *Id*.

[26] Rec. Doc. 77 at 1.

arising from a maritime accident to 'the amount or value of the interest of such owner in such vessel, and her freight then pending,' if the accident occurred without the shipowner's 'privity or knowledge.'"[27] When the shipowner files such a suit, "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court."[28] Doing so gives the federal court "exclusive jurisdiction [over] suits brought under the Act."[29] However, "where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court, the federal court *must* allow the claimant's action to proceed in state court while retaining jurisdiction of the limitation of liability action."[30] "[A] single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the act."[31] Thus, a single claimant may pursue a state court claim after doing the following: (1) "the claimant must stipulate that the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability" and (2) "the claimant must stipulate that no judgment will be asserted against the shipowner to the extent it exceeds the value of the limitation fund."[32]

Claimant is the only claimant in this matter. Furthermore, he has stipulated to the following

---

[27] *In re Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 315 (5th Cir. 1995).

[28] *Id.*

[29] *Id.*

[30] *In re Tetra Applied Techs., LP*, 362 F.3d 338, 340 (5th Cir. 2004) (emphasis added).

[31] *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006).

[32] *Texaco, Inc. v. Williams*, 47 F.3d 765, 767–68 (5th Cir. 1995).

in the event that the Court grants the instant motion:

> 1. Claimant recognizes that this Court has exclusive jurisdiction to determine the statutory right of Chem Carriers Towing, LLC, as vessel owner of M/V SAM L. HAYS, to limitation of liability under 46 U.S.C. § 30505 et seq; however, claimant specifically reserves the right to deny and contest in this Honorable Court all assertions and allegations made by Chem Carriers Towing, LLC in the complaint for limitation filed herein by Chem Carriers.
>
> 2. Claimant stipulates that in the event of a judgment in favor of the claimant in any state court action now pending by claimant against Chem Carriers Towing, LLC, and or its insured, totaling in excess of $1,606,978.70 (or whatever the sum the court determined is the appropriate limitation fund amount), in no event would claimant seek to enforce any judgment beyond the court's finding as to the value of the vessel and her pending freight, unless and until this Honorable Court denies Chem Carriers Towing, LLC's right to limitation of liability in this matter. Claimant specifically reserves the right to enforce any state court judgment against Chem Carriers Towing, LLC that exceeds the limitation fund in this case, if and once this Honorable Court denies Chem Carrier's right to limitation.
>
> 3. Claimant will not, in the state court action now pending or yet to be brought, seek any judgment or ruling on the issue of Chem Carrier's right to limitation of liability or on the issue of the possible value of the limitation fund, and the claimant hereby waives any res judicata defense relevant to the issue of limitation of liability and the proper value of the limitation fund based upon any judgment that may be rendered in any other state court action now pending or yet to be brought.[33]

These amended stipulations are sufficient to protect Petitioner's rights under the Limitation Act.[34] Furthermore, they address the concerns raised by Petitioner in its opposition.[35] In *Langnes v. Green*, the United States Supreme Court held that a district court abused its discretion by denying a single limitation claimant's motion to dissolve an injunction so that it could proceed in state

---

[33] Rec. Doc. 77-1.

[34] *See Inland Dredging*, 468 F.3d at 867.

[35] *See* Rec. Doc. 72 at 3–4.

6

court.[36] Therefore, because Claimant has filed the appropriate stipulations, the injunction should be dissolved, allowing Claimant to pursue his claim in state court. Accordingly,

**IT IS HEREBY ORDERED** that Claimant's Motion[37] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's injunction restraining prosecution of Claimant's claims[38] in state court is lifted.

**IT IS FURTHER ORDERED** that the above captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED**, to be reopened, if necessary, upon a motion of the parties.

**NEW ORLEANS, LOUISIANA**, this  13th  day of January, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[36] 282 U.S. 531, 541 (1931).

[37] Rec. Doc. 68.

[38] Rec. Doc. 3.